IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THE ESTATE OF RACHEL M. HAMMERS, DECEASED, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DOUGLAS COUNTY, KANSAS BOARD OF COMMISSIONERS, et al., <br><br> Defendants. | Case No. 15-7994-CM |

## MEMORANDUM AND ORDER

This matter comes before the court on defendants Douglas County, Kansas Board of Commissioners, Sheriff Kenneth M. McGovern, and Kenneth L. Massey's Motion for District Judge to Review Order of the Magistrate Judge (Doc. 204). Defendants object to United States Magistrate Judge Kenneth G. Gale's decision to allow plaintiffs to amend their pleadings to include claims for punitive damages. Judge Gale allowed this amendment—over defendants' objection—in the pretrial order (Doc. 202). For the reasons set forth, defendants' motion is denied.

In the pretrial order, plaintiffs sought leave to amend their original pleading to include claims for punitive damages. Defendants objected to the amendment for various substantive and procedural reasons. Judge Gale overruled the objections finding: 1) plaintiffs have shown good cause for making the amendment out of time, 2) plaintiffs' original petition, filed in state court where claiming punitive damages in an initial petition is not permitted, alleged the facts necessary to support the claim, 3) the failure to make an earlier motion constitutes excusable neglect in this particular case, and 4) defendants are not prejudiced by the out-of-time amendment. (Doc. 202, at 28.)

Defendants now ask this court to reverse Judge Gale's decision as clearly erroneous and contrary to law. They argue that plaintiffs' delay in seeking an amendment to add a claim for punitive damages is not excusable neglect because plaintiffs had more than a year to amend their pleadings, and that defendants are prejudiced by the amendment because of insurance coverage issues.

Plaintiffs argue defendants must prove that manifest injustice would occur if the pretrial order was not amended.

Pretrial orders, which become the operative pleading in cases after they are entered, may only be modified "to prevent manifest injustice." Fed. R. Civ. P. 16(e). To the extent plaintiffs' motion seeks to amend the pretrial order, they must show that such modification is necessary to prevent manifest injustice.

To the extent plaintiffs' motion objects to the magistrate judge's specific decision to allow plaintiff to add a claim for punitive damages, Fed. R. Civ. P. 72(a) applies. It provides that a party may file objections to a magistrate judge's order within 14 days of its entry. Rule 72 provides that the district judge must then consider the "objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

Judge Gale's decision to allow a claim for punitive damages in the pretrial order is nondispositive. 28 U.S.C. § 636 provides that: "[a]s to nondispositive pretrial matters, the district court reviews the magistrate judge's order under a clearly erroneous or contrary to law standard of review." *Hinsdale v. City of Liberal*, 981 F. Supp. 1378, 1379 (D. Kan. 1997) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988). A magistrate judge's order will be affirmed "unless on the entire evidence the court is left with the definite and firm conviction that a mistake has been committed." *Id.* The district court will only overrule the magistrate judge's order if it is clear that his broad discretion in the resolution of pretrial matters has been abused. *Id.*

"The decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion . . ." *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). Leave to amend should be "freely given when justice so requires" unless there is a showing of "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Here, Judge Gale found that plaintiffs had shown good cause for making the amendment out of time—because they were not allowed to claim punitive damages when they originally filed their petition in state court—and that they had alleged the facts necessary to support the claim. And it is true that in plaintiffs' original petition, they alleged facts to support a punitive damage claim without expressly pleading one, due to the state law prohibition. While plaintiffs could have sought to amend their complaint earlier to plead a claim for punitive damages, Judge Gale did not find this delay to be inexcusable neglect or that it prejudiced defendants. The court finds no reason to set aside this decision. Defendant's prejudice argument is based on conjecture, and the court does not find Judge Gale's decision that defendants were not prejudiced by the amendment to be clearly erroneous or contrary to law. The court therefore finds Judge Gale was within his discretion to grant plaintiffs' amendment to include punitive damages claims and finds no reversible error in his decision.

**IT IS THEREFORE ORDERED** that defendants' Motion for District Judge to Review Order of the Magistrate Judge (Doc. 204) is denied.

Dated March 9, 2018, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**