**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **THE ESTATE OF RACHEL M. HAMMERS, DECEASED, et al.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**DOUGLAS COUNTY, KANSAS BOARD OF COMMISSIONERS, et al.,**<br><br>**Defendants.** | **Case No. 15-7994-CM** |

**MEMORANDUM AND ORDER**

This matter comes before the court on defendants Douglas County, Kansas Board of Commissioners, Sheriff Kenneth M. McGovern, and Kenneth L. Massey's Motion to Partially Strike Plaintiffs' 2nd Supplemental Rule 26(a)(1) Disclosures (Doc. 195). Defendants argue plaintiffs' supplemental Rule 26(a)(1) disclosures are untimely and that the court should strike any new individuals or documents included in these disclosures.

**I.      Background**

A revised scheduling order for this case (Doc. 106) was filed on May 10, 2016—well after the parties had filed their initial disclosures. In the revised scheduling order, the court ordered that:

> Supplementations of those [initial] disclosures under Fed. R. Civ. P. 26(e) must be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures must be served in any event 40 days *before the deadline for completion of all discovery*. The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify all witnesses and exhibits that probably or even might be used at trial. *The opposing party and counsel should be placed in a realistic position to make judgments about whether to take a particular deposition or pursue follow-up "written" discovery before the time allowed for discovery expires.* Should anything be included in the final disclosures under Fed. R. Civ. P. 26(a)(3) that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto, the witness or exhibit probably will be excluded from offering any testimony under Fed. R. Civ. P. 37(c)(1).

(Doc. 106, at 2.) (Emphasis added.)

On September 16, 2016, United States Magistrate Judge Kenneth G. Gale granted a motion to amend the revised scheduling order and suspended the final discovery deadline for the sole purpose of allowing the depositions of plaintiffs' rebuttal experts and a Rule 30(b)(6) deposition of a witness or witnesses to be produced by defendants Visiting Nursing Association ("VNA"). Judge Gale noted that the order only suspended the final discovery deadline and not the written discovery deadline, which had already passed. A supplemental scheduling order, filed on January 9, 2017, instructed that "[a]ll discovery in this case is complete except for depositions of Plaintiff's rebuttal experts. That discovery shall be completed by March 31, 2017." (Doc. 179, at 1.)

Plaintiffs served their 2nd Supplemental Rule 26(a)(1) disclosures on February 17, 2017. These supplemental disclosures included 44 witnesses and 17 documents not previously included in plaintiffs' 26(a)(1) disclosures. Defendants argue the court should strike the new witnesses and documents as they were previously undisclosed and were only disclosed after the original discovery deadline had passed. Plaintiffs claim that they timely filed their 2nd supplemental disclosures, as they served them within 40 days of the March 31, 2017 deadline for all discovery. Plaintiffs also maintain that regardless of whether the disclosures were timely, the additions to their disclosures are harmless as all the witnesses and documents were previously known to defendants.

**II.    Analysis**

Under Rule 26(a)(1) of the Federal Rules of Civil Procedure, a party must provide (i) the name, address, and telephone number (if known) of "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses," and (ii) "a copy—or a description by category and location—of all documents, electronically

stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses . . . ." Under Rule 26(e), a party must supplement or correct its disclosures "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . ." Fed. R. Civ. P. 26(e)(1)(A).

The mandatory disclosures required by Rule 26 are "intended to provide sufficient detail and clarity to permit each party 'to make informed decisions about the discovery necessary to address the specific claims directed against that party, and to prepare for trial.'" *Estate of McDermed v. Ford Motor Co.*, 14-cv-2430-CM-TJJ, 2016 WL 1298096, at *3 (D. Kan. Apr. 1, 2016). Disclosures also serve several purposes include "eliminating surprise, promoting settlement, and giving the opposing party information about the identification and locations of persons with knowledge so as to assist that party in contacting the individual and determining which witnesses should be deposed." *Jama v. City & Cnty of Denver*, 304 F.R.D. 289, 295 (D. Colo. 2014). Therefore, a party's "ability to order its discovery and select its witnesses for deposition is prejudiced by another party's failure to make sufficient Rule 26(a)(1) disclosures." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1224 (D. Kan. 2007).

Under Rule 37(c)(1), if a party fails in its duty to disclose under Rule 26, "the party is not allowed to use that information or witness to supply evidence on a motion, at hearing, or at a trial, unless the failure was substantially justified or is harmless." A court has broad discretion when determining whether a Rule 26(a) violation is justified or harmless. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). A court should consider the following factors to decide whether a Rule 26 violation is justified or harmless: 1) the prejudice or surprise to the party against whom the testimony is offered; 2) the ability of the party to cure the prejudice; 3) the extent to which introducing such testimony would disrupt the trial; and 4) the moving party's bad faith or

willfulness. *Id.* The alleged Rule 26 violator bears the burden to demonstrate "substantial justification or the lack of harm." *Estate of McDermed*, 2016 WL 1298096, at *3.

Here, the court must first determine if plaintiffs' 2nd supplemental disclosures were untimely. Plaintiffs argue that the plain language of the May 10, 2016 revised scheduling order set a deadline for supplemental disclosures at 40 days prior to the completion of all discovery. Plaintiffs claim that when the deadline for the completion of all discovery was extended to March 31, 2017, they were entitled to serve supplemental disclosures 40 days prior to that deadline. Defendants argue any supplemental disclosures were due 40 days before the original discovery deadline as discovery was only extended to accommodate the deposition of plaintiffs' rebuttal experts.

It is true that the revised order set a deadline for supplemental disclosures for 40 days prior to the "completion of all discovery" which plaintiffs have interpreted to mean literally the completion of all discovery—including the depositions that were taken after the original discovery deadline had passed. However, in regard to supplemental disclosures, the revised scheduling order also noted that "[t]he opposing party and counsel should be placed in a realistic position to make judgments about whether to take a particular deposition or *pursue follow-up 'written' discovery* before the time allowed for discovery expires." (Emphasis added.) As mentioned above, the discovery deadline was extended only for the deposition of plaintiffs' rebuttal experts. Judge Gale expressly noted that the written discovery deadline had passed. It would be fundamentally unfair to allow a party to disclose new witnesses or documents after the time for written discovery had closed—as the revised scheduling order made clear that supplemental disclosures should be made so that the parties would be in a "realistic position" to pursue further discovery, including written discovery. Because discovery was extended only to accommodate depositions of specific witnesses, the court finds the only disclosures allowed after the original deadline would be those related to those witnesses.

The court, however, is not convinced that many of these supplemental disclosures were even necessary. As Rule 26(e)(1)(A) states, the plaintiffs only had the duty to supplement their disclosures if the additional information "has not otherwise been made known to the other parties during the discovery process or in writing." Plaintiffs note in their response that defendants had been "made known" about the information in the 2nd supplemental disclosures, first because in their initial disclosures they included a catchall provision for "[a]ny witness identified in the documents referred to in these Initial Disclosures and subsequent discovery responses, [a]ny witnesses required for foundation, and [a]ny witnesses identified by any other party," and second, because most of the witnesses and documents were either previously disclosed by defendants or were disclosed/produced by plaintiffs in the course of discovery.

The court has reviewed the additions to the initial disclosures included in plaintiffs' 2nd supplemental disclosures and concludes that a large majority of the newly-added witnesses had already been disclosed by defendants or plaintiffs in their previous disclosures or were included in documents disclosed by defendants. These witnesses and documents fall under the catchall provisions included in plaintiffs' initial disclosures. It is important to note that defendants also included nearly identical catchall provisions in their disclosures and have not argued that these catchall provisions are prejudicial.

The only exception the court finds is numbers four, Andrew Harvey, and five, Elijah Harvey, in plaintiffs' 2nd supplemental disclosures. Plaintiffs argue these witnesses should have been known to defendants because a witness had testified they were with the decedent on the day she was taken into custody. The court is not convinced that "the mere mention of a name in a deposition or interrogatory" is sufficient to satisfy Rule 26(a). *See Am. Steel Erectors v. Local Union No. 7, Int'l Ass'n of Bridge, Structural, Ornamental & Reinforcing Iron Workers*, 815 F.3d 43, 57 n.2 (1st Cir. 2016). The tardy disclosure of these witnesses, however, may be harmless "if the other party was well aware of the identity

of the undisclosed witness and the scope of their relevant knowledge well before trial." *Wilkins*, 487 F. Supp. 2d at 1224.

Defendants have not specifically expressed why the inclusion of these witnesses, Andrew Harvey and Elijah Harvey—or any of the additions in the 2nd supplemental disclosures—are prejudicial. Considering the factors articulated by the Tenth Circuit, the court does not find any prejudice, surprise, or bad faith to justify a Rule 37 sanction. If defendants have a specific objection to the inclusion of these two witnesses—beyond the fact they were disclosed after the deadline—the court would consider that objection in a pretrial motion in limine.

**IT IS THEREFORE ORDERED** that defendants' Motion to Partially Strike Plaintiffs' 2nd Supplemental Rule 26(a)(1) Disclosures (Doc. 195) is denied.

Dated March 16, 2018, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**