**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **THE ESTATE OF RACHEL M. HAMMERS, DECEASED, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**DOUGLAS COUNTY, KANSAS BOARD OF COMMISSIONERS, et al.,**<br><br>Defendants. | **Case No. 15-7994-CM** |

## MEMORANDUM AND ORDER

This matter comes before the court on defendants Douglas County, Kansas Board of Commissioners, Sheriff Kenneth M. McGovern, and Kenneth L. Massey's Motion to Limit Testimony of Dr. Goldenson and Nurse LaMarre (Doc. 225).

Defendants argue that plaintiffs—for the first time in their response to defendant's motion for summary judgment—allege that their experts Dr. Joe Goldenson and Madeleine LaMarre have expertise in the standard of care for corrections officers. Defendants request the court limit their testimony only to those opinions contained in their written reports and to prohibit any testimony on the standard of care for corrections officers.

In response, plaintiffs note that Goldenson and LaMarre have been qualified to provide expert testimony on the topics of correctional medical care, and have been tasked with the evaluation of correctional medical systems and monitoring of court-ordered remedial plans—all which require the evaluation of institutional policies and procedures that extend to both correctional and medical/nursing personnel. Plaintiffs note that in a civil rights claim brought under 42 U.S.C. § 1983, the key evidentiary consideration is whether defendants' medical policies and procedures posed a substantial risk of serious

-1-

harm to the decedent and other similarly situated inmates—not whether a reasonable corrections officer would have acted the same under similar circumstances.  Therefore, the standard of care for a corrections officer is irrelevant to the § 1983 claim.

Based on a review of the briefing, the court feels the parties are generally on the same page regarding the issue.  The court will order that Goldenson and LaMarre should limit their testimony only to what is contained within their expert reports—which includes opinions on defendants' policies and procedures regarding correctional health care and as to the health care delivery at the Douglas County Correctional Facility.  While this testimony may include opinions on whether correctional personnel adequately implemented these procedures, plaintiffs are precluded from eliciting any testimony regarding the standard of care of a correctional officer.

**IT IS THEREFORE ORDERED** that defendants' Motion to Limit Testimony of Dr. Goldenson and Nurse LaMarre (Doc. 225) is granted.

Dated March 16, 2018, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**